```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X

Dwight Brooks,

                    Plaintiff,          09-CV-2336 (CPS)

    - against -                         MEMORANDUM
                                        OPINION
United States,                          AND ORDER

                    Defendant.

----------------------------------X
```

SIFTON, Senior Judge.

Petitioner Dwight Brooks pled guilty on July 17, 2007 to possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). On October 22, 2008, I sentenced petitioner to 31 months imprisonment, three years of supervised release, and a $100 assessment. Now before the Court is a habeas petition brought pursuant to 28 U.S.C. § 2255, in which petitioner argues that the imposition of a term of supervised release pursuant to 18 U.S.C. § 3583[1] is unconstitutional. For the reasons stated below, the petition is denied.

## BACKGROUND

The following facts are taken from the parties' submissions in connection with this motion.

---

[1] "The court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment." 18 U.S.C. § 3583(a).

On March 1, 2007, New York City police officers executed a search warrant at petitioner's residence.  Presentence Investigation Report ¶ 3 ("PSR").  After officers entered petitioner's apartment, officers stationed on the roof of the building observed petitioner drop a plastic bag out of one of the windows.  *Id*.  The bag was recovered and found to contain a loaded gun, a bag containing cocaine, and an envelope containing heroin.  *Id*.  A search of petitioner's apartment uncovered $18,007 in United States currency, numerous glassine envelopes, a scale, two black ski masks and cellular telephones.  *Id*.

On July 17, 2007, petitioner pled guilty to being a felon in possession of a firearm.  The plea agreement contained a clause stating that petitioner agreed "not to file an appeal or otherwise challenge by petition pursuant to 28 U.S.C. § 2255 or any other provision of the conviction or sentence in the event that the Court imposes a term of imprisonment of 41 months or below."  Ex. A at ¶ 4.  At the plea proceeding, I advised the defendant that he was giving up his right to appeal his sentence, and he stated that he understood that he was waiving that right.  Transcript of Plea Proceedings at 13 ("Tr.").

On March 3, 2008, I sentenced petitioner to 37 months imprisonment and three years supervised release.[2]  Petitioner

---

[2]The PSR calculated petitioner's offense level as 17, and his criminal history category as Category IV, which together yielded a range under the Sentencing Guidelines of 37 to 46 months.

- 3 -

subsequently filed a Rule 35 motion arguing that the sentence was
in error, given that he had spent 10 months in solitary
confinement prior to sentencing, which should have been taken
into account in sentencing him.  I granted the motion on October
22, 2008 and re-sentenced petitioner to 31 months imprisonment.
Petitioner did not appeal his conviction or sentence.

In his petition for habeas relief, petitioner argues that
imposition of a term of supervised release is unconstitutional
for the following reasons: (1) supervised release is a separate
punishment from the one imposed for the specific crime committed.
Therefore, the imposition of supervised release in addition to
the term of imprisonment specified by the Sentencing Guidelines
and individual criminal statutes results in double jeopardy; (2)
the statute authorizing the imposition of supervised release, 18
U.S.C. 3583, requires that the term of supervised release occur
within the term of the sentence;[3] (3) the Supreme Court's
decision in *United States v. Booker*, 543 U.S. 220, 125 S. Ct.
738, 160 L. Ed. 2d 621 (2005), requires a return to the
sentencing regime in place before the imposition of the
Sentencing Guidelines in 1987, including a return to the use of
parole rather than supervised release; (4) Congress unlawfully
exceeded its powers when it authorized the imposition of

---

[3]Petitioner claims that if the maximum sentence is 10 years under the
law, then a defendant cannot be sentenced to 10 years of imprisonment followed
by a term of supervised release, but instead may only be sentenced to a term
of supervised release if the total sentence does not exceed 10 years.

supervised release, and the administration of supervised release
by the probation department, an arm of the courts, violates the
separation of powers; (5) supervised release violates the Eighth
Amendment; and (6) the government has fraudulently misrepresented
the law controlling imprisonment.

## DISCUSSION

### I. Timeliness

The submissions indicate, and respondent does not contest,
that petitioner has timely filed his petition within one year of
the date his conviction became final.  *See* 28 U.S.C. § 2255 (f).

### II. Waiver

The government argues that petitioner has waived his right
to bring this petition, as evidenced by his signing of a plea
agreement in which he agreed not to file an appeal or otherwise
challenge his conviction in the event he was sentenced to a term
of imprisonment under 41 months.  A defendant's agreement to
waive his right to appeal or collaterally attack his sentence is
generally enforceable as long as the record contains sufficient
evidence to establish a knowing and voluntary waiver.  *See United
States v. Hernandez*, 242 F.3d 110, 113 (2d Cir. 2001); *United
States v. Garcia*, 166 F.3d 519, 521 (2d Cir. 1999).  In the

context of claimed waivers of appellate rights, "plea agreements are to be applied narrowly and construed strictly against the Government." *United States v. Tang*, 214 F.3d 365, 368 (2d Cir. 2000) (quotation marks omitted). Similarly, a waiver of a right to challenge a sentence by collateral attack through a § 2255 motion is enforceable. *See Garcia-Santos v. United States*, 273 F.3d 506, 508 (2d Cir. 2001).

Petitioner's plea agreement includes a waiver of the right to appeal or collaterally challenge the conviction or sentence. During the plea proceedings on July 17, 2007, I asked petitioner whether he understood that he was giving up his right to appeal his sentence, and he indicated that he did. Tr. 13 . I did not ask during the proceedings whether the petitioner understood he was giving up his right to attack his sentence by other means, including habeas review. However, petitioner does not claim that he did not understand that he was waiving this right. Nevertheless, I proceed to consider the claim without resolving the issue of waiver.

## III. Procedural Bar

Petitioner did not challenge his conviction or sentence by direct appeal, nor did he provide any explanation for this failure in his moving papers. Accordingly, his claims are procedurally defaulted. *See Zhang v. U.S.*, 506 F.3d 162, 166 (2d

Cir. 2007) ("In general, a claim may not be presented in a habeas petition where the petitioner failed to properly raise the claim on direct review.").  To pursue his defaulted claims, petitioner must demonstrate either that there was cause for the default and actual prejudice resulted, or that he is actually innocent of the crime to which he pled guilty.  *See De Jesus v. United States*, 161 F.3d 99, 102 (2d Cir. 1998).  "Cause" is "something external to the petitioner" which "cannot fairly be attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991).  A waiver of the right to appeal in a plea agreement does not constitute cause.  *See United States v. Pipitone*, 67 F.3d 34, 39 (2d Cir. 1995) ("we are loathe to countenance so obvious a circumvention of a plea agreement... The government, this court, the public, and criminal defendants have legitimate interests in the integrity of the plea bargaining process and in the finality of sentences thus imposed.").  Petitioner has not demonstrated cause for his failure to raise his current habeas claims on direct appeal.  Accordingly, his petition is procedurally barred.

## IV. Petitioner's Claims

In any event, petitioner's claims lack merit.  The Second Circuit has rejected the contention that the imposition of supervised release constitutes double jeopardy.  "A defendant who

is sentenced to supervised release is only punished once for his crime... [The] length and type of that punishment are governed by two different statutes: the underlying criminal statute and § 3583." *Pettus*, 303 F.3d at 486 (citing *United States v. Wirth*, 250 F.3d 165, 170 n.3 (2d Cir. 2001)); *United States v. Meeks*, 25 F.3d 1117, 1121 (2d Cir. 1994) ("[s]upervised release, like parole, is an integral part of the punishment for the underlying offense."). Moreover, a term of incarceration resulting from a violation of supervised release does not violate double jeopardy. *See United States v. Carlton*, 442 F.3d 802, 809 (2d Cir. 2006) (a sentence for violation of supervised release is "part of the penalty for the initial offense"); *United States v. Pettus*, 303 F.3d 480, 487 (2d Cir. 2002) (the "requirement that a defendant only be punished once for a particular crime does not mean that this punishment cannot be modified or extended."); *United States v. Vargas*, 564 F.3d 618, 624 (2d Cir. 2009) ("[r]einstatement of supervised release after it is revoked does not place the defendant in double jeopardy because postrevocation penalties are attributable to the original conviction and are not new punishments.").

Petitioner's remaining claims are without merit.

## CONCLUSION

For the reasons stated herein, the petition is denied. Petitioner is denied a certificate of appealability because he

has not made a substantial showing of the denial of a

constitutional right.  *Reyes v. Keane*, 90 F.3d 676, 680 (2d Cir.

1996).  The Clerk is directed to transmit a copy of the within to

the parties and to mail a copy of the within to petitioner.


SO ORDERED.

Dated:    Brooklyn, New York
          August 24, 2009


                    By: /s/ Charles P. Sifton (electronically signed)
                          United States District Judge